~AO 241                                                                                          Page 2 (Rev.12/04)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|
| Name (under which you were convicted): Donald E. Cole | Docket or Case No: 0309013358 |
| Place of Confinement: D.C.C. | Prisoner No.: 00281479 |
| Petitioner (include the name under which you were convicted; custody of petitioner) Donald Cole  v. | Respondent (authorized person having custody of petitioner) D.O.C. |
| The Attorney General of the State of Delaware | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Superior Court

   (b) Criminal docket or case number (if you know): N/A

2. (a) Date of the judgment of conviction (if you know): July, 31, 2004

   (b) Date of sentencing: Sept. 2, 2004

3. Length of sentence: (2) Life plus 36 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Murder 2nd x2 10 years, Consp. 2nd 1 year, Burglary 1st 2 years, P.F.D.C.F. x5 3 years,

   Murder 1st x2 Life

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

FILED MAY 30 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
N/A

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☒ Jury      ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes      ☒ No

8. Did you appeal from the judgment of conviction?

        ☒ Yes      ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: **Supreme Court**

    (b) Docket or case number (if you know): **0309013358**

    (c) Result:: **Affirmed**

    (d) Date of result (if you know): **March 12, 2007**

    (e) Citation to the case (if you know): **425, 2004**

    (f) Grounds raised: I. The trial court committed error by failing to suppress all evidence gained through the use of Mr. Cole's statement. II. The trial judge committed error at law by permitting the introduction of prior out of court statements although the declarant was not subject to cross examination, thereby depriving appellant of his constitutional right of confrontation. III. The trial court abused its discretion by allowing into evidence a screen discovered 18 months after the incident.

    (g) Did you seek further review by a higher state court?      ☐ Yes      ☒ No

    If yes, answer the following:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Result: N/A

    (4) Date of result (if you know): N/A

~AO 241 (Rev.12/04)                                                                                          Page 4

        (5) Citation to the case (if you know): N/A

        (6) Grounds raised: N/A

    (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

        If yes, answer the following:

        (1) Docket or case number (if you know): N/A

        (2) Result: N/A

        (3) Date of result (if you know): N/A

        (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: **Superior Court**

        (2) Docket or case number (if you know): **0309013358**

        (3) Date of filing (if you know): **July 10, 2007**

        (4) Nature of the proceeding: **Rule 61 Post-Conviction**

        (5) Grounds raised: **Ineffective Assistance of Counsel - Trial and Appeal**

Counsel failed to argue at trial and on direct appeal that Felony Murder wasn't in futherance of underlying felony. Death must be a consequence of the felony…and not merely coincidence.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☒ No

        (7) Result: **Affirmed**

        (8) Date of result (if you know): N/A

~AO 241 (Rev.12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/a

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes  ☐ No
(2) Second petition:   ☐ Yes  ☐ No
(3) Third petition:    ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: The Trial Court Committed Error By Failing To Suppress All Evidence Gained Through The Use Of Mr. Cole's Statement.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the course of the first trial the parties were engaging in plea discussions. The discussions focused on whether the State would forego the death penalty in the second case. The defense attorney initially gave a proffer of what the Defendant would say. The State responded by saying they wanted a taped statement that would be played to the senior staff attorneys in the Attorney General's office who would ultimately decide the death penalty issue. The agreement to provide a statement was not reduced to writing. Defense counsel believed the statement was not to be used for investigative purposes, and was only to be used by Senior Staff to determine whether to waive the death penalty. Instead, the tape was played in part to co-defendant Norton, against whom police had no independent evidence linking him to the 23rd street crime. Norton realizing he had been implicated by Cole, made a deal for himself, gave a statement and agreed to testify in return for lenient treatment. Cole submits that the evidence gained through the use of the tape should have been suppressed. Typically, statements made during plea negotiations are not admissible in court. The rationale is that the justice system seeks to encourage plea negotiations so as to expedite the resolution of cases by fostering "candor which is essential for effective plea negotiations." Appellant submits that the same rationale should be used here. The taped statement was made during the course of and in furtherance of

plea negotiations. Both parties knew it would be played to the senior staff attorneys. However defense counsel did not contemplate it would be played to turn a witness against his client. This understanding is certainly reasonable in light of Mr. Miller's statement to Mr. Cole immediately before Mr. Cole began speaking about the crimes. Mr. Miller stated: And we the deal right now is that we are going to take uh a proper [sic] statement of what you have to say about anything we ask you about and I'm going to take that statement back to my superiors and discuss with them whether to make an offer where you would be spared capital punishment. Do you understand that ? No mention is ever made that the statement will be used against Mr. Cole. Rather, Mr. Cole was advised by Mr. Miller that the deal is that it would be used by Mr. Miller's Superiors in their decision whether to waive the death penalty. Similarly, at the conclusion of Mr. Cole's statement, Mr. Miller advises Mr. Cole " We'll we'll terminate this and uh I'm gonna go back to my office and do what I told you I was gonna do the beginning of this interview." Statements during plea negotiations, even taped ones should be limited in their use. To allow them to be used outside the context of the negotiations is patently unfair. Defendants or attorneys who realize that there are no limitations on the uses of their clients' statements during plea negotiations will not permit their clients to make any statements thus hampering the parties' effectiveness in resolving cases prior to trial. The only remedy to a Defendant is to disallow the evidence gathered as a result of the disclosure and the lower court should have taken such action in this case. The defendant fulfilled his part of the deal by giving a full statement. However he got nothing in return. The State still sought the death penalty and used his statement to make the case against him. The evidence gained as a result of his statement made in the course of negotiations should have been suppressed.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

~AO 241 (Rev.12/04)

Page 7

    (c) **Direct Appeal of Ground One:**
        (1) if you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No
        (2) if you did not raise this issue in your direct appeal, explain why: N/A

    (d) **Post-Conviction Proceedings:**
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
           ☐ Yes   ☒ No
        (2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

        (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
        (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No
        (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal ☐ Yes ☐ No
        (6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Because I found out about the Felony Murder claim, so I went back down to Superior Court to raise that issue.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: That's what I'm filing now.

**GROUND TWO: The trial judge committed error at law by permitting the introduction of prior out of court statements although the declarant was not subject to cross examination, thereby depriving appellant of his constitutional right of confrontation.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State offered into evidence a statement allegedy made by Bessie Warner to Detective Chaffin. Said statement was purportedly audio taped however the tape was not audible. Bessie Warner testified she could not remember what she said in that statement. The State offered Detective Chaffin's testimony of his recollection of the statement over objection of the defense. The defense was not able to confront this evidence both because the tape was poorly made and because Ms. Warner, who allegedly made the statement, could not recall the statement. Ms. Warner on voir dire and consistently through the cross- examination denied any knowledge of any out of court statements to Detective Chaffin. The trial Judge ruled that the out of court statement had sufficient indicia of reliability to be admitted. The court then allowed Detective Chaffin to tell the jury what he heard.Clearly, Appellant could not confront Bessie Warner as she repeatedly denied having any knowledge of the statements. The issue is not whether Detective Chaffin could testify as to hearsay but whether Appellant could effectively confront the person who made the statement."Not only should the evidence be reliable, but that reliability be assessed in a particular manner: by testing it in the crucible of cross-examination." It was an error at law to allow Detective Chaffin to testify about Ms. Warner's out of court statements. Since she could not recall the statement she was not subject to cross- examination and Detective Chaffin's testimony should have been excluded.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☐ Yes   ☒ No
(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:** The trial court abused it's discretion by allowing into evidence a screen discovered 18 months after the incident.

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): It is in the sound discretion of the court to determine whether or not the probative value of certain evidence is substantially outweighed by the danger of unfair prejudice to the opposing party. The State offered into evidence a screen they found in the backyard of the home 18 months after the crime. They offered it to support the testimony of their main witness Travanian Norton who testified that acess to the home was made through a second floor window. There was no supporting evidence that Cole removed a screen when he went in, or that this particular screen fit that window or in fact went with the house. In his testimony Norton made no mention of a screen, he merely testified that Cole jumped onto the roof of a porch and entered through a window. The screen did not contain finger print evidence or any other indication that it was anyting other than a window screen. The State introduced no evidence as to how, when, or why it got to where it was found. Additionally there was no evidence showing it had not been moved in the 18 months that elapsed since the crime. There was no evidence it even fit the window. To permit the screen into evidence the State must satisfy a two prong test: 1) the foundation witness must state that the instrumentality is at least like the one associated with the crime; and 2) the evidence must establish that the instrumentality is connected to the defendant and the commission of the crime. Here the state failed to meet the test. There was no testimony that the screen fit the window in question nor was it established that the screen was even at the crime scene at the time of the incident. Admission of the evidence was prejudicial to the defense. The evidenc was used to corroborate the State's main witness. The state's failure to authenticate the object and establish the chain of custody should have rendered the evidence in admissible. Therfore it was an abuse of discretion to permit the screen into evidence.

(b) If you did not exhaust your state remedies on Ground Three, explain why? N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) (f you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

~AO 241 (Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: I never appealed after my direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Ineffective Assistance of Counsel - Trial and Appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to argue at trial and on direct appeal that Felony Murder wasn't in furtherance of underlying felony. Death must be a consequence of the felont…and not merely coincidence. The State argued that if found guilty of Burglary 1st then I must be found guilty of Felony Murder. The Supreme Court ruled in 2006 that the way Delaware has been applying the Felony Murder Statute is unconstitutional. Futhermore it states that when Burglary is the underlying felony the murder must not only be during the commission of the Burglary but also during the furtherance of the murder. The state never proved beyound a reasonable doubt that the murder was committed to further the burglary.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Because my lawyers handled my direct appeal. And also I didn't find out about the Felony Murder claim until 2006 when it appeared in the News Journal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: I filed a Post-Conviction Motion in Superior Court when that was denied I went to Supreme Court.

Type of motion or petition: Rule 61 Post-Conviction

AO 241 (Rev.12/04)

Name and location of the court where the motion or petition was filed: **Superior Court**

Docket or case number (if you know): 0309013558

Date of the court's decision: **August 20, 2007**

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Supreme Court**

Docket or case number (if you know): 467, 2007

Date of the court's decision: **March 12, 2008**

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241 (Rev.12/04)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction"? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. N/A

~AO 241 (Rev.12/04)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:    Rule 9 / There wasn't a preliminary hear

    (b) At arraignment and plea:    Jan Van Amerongen
                                              Michael Heyden

    (c) At trial:    Same as above

    (d) At sentencing:    Same as above

    (e) On appeal:    Same as above

    (f) In any post-conviction proceeding:    Pro Se

    (g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☒ Yes  ☐ No
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Superior Court 500 N. King St. Wilmington De. 19801
    (b) Give the date the other sentence was imposed: March 28, 2003
    (c) Give the length of the other sentence: 22 years
    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
        ☒ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
    N/A

~AO 241
(Rev.12/04)

Page 15

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in \part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of.

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for    seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 12/04)

Page 16

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: For the above stated reasons, the defendant-below appellant moves that the conviction be reversed and/or a new trial be granted. or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on 05-28-08 (month, date, year).

Executed (signed) on          (date).

5-27-08

_Darrel Cole_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION
_____

[insert appropriate court]
*****

FM: Donald Cole
SBI# 281479    UNIT C C-L-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





United States District Court
for the
District of Delaware
J. Caleb Boggs Building
844 King St. Lock Box 18
Wilmington, DE
            19801